ORFINGER, Judge.
Appellants/cross-appellees Wells and Crippen appeal a final judgment awarding appellee/eross-appellant Cobb accelerated sums on a promissory note offset by certain sums awarded Wells and Crippen. Appellants argue that although the offset award to them was proper, the court’s finding that Cobb properly accelerated payments on the promissory note was error because they were never in default. We agree and reverse.
The parties entered into a contract on December 30, 1977, whereby Cobb agreed to sell to Wells and Crippen his interest in an accounting practice in which the three were partners. In exchange, Wells and Crippen agreed to pay Cobb $95,000, $15,-000 in cash and the balance of $80,000 represented by a promissory note. The promissory note required that principal payments of $5,000 each be made on August 20 and November 20 of each year until the note was paid in full.
The bill of sale from Cobb to Wells and Crippen reflected that $20,000 of the purchase price was allocated to “all clientele, working papers, files and goodwill arising therefrom” and that $27,500 of the purchase price was attributed to “all accounts *1070 receivable and work-in-process.” By addendum to the bill of sale Cobb agreed to assist in the delivery of clients and to continue working on their accounts for a reasonable period of time, for which Cobb would be compensated at a rate of $20 per hour plus expenses.
The trial court found, based on substantial evidence, that Cobb had breached the agreement with respect to a past due billing of $7,350 due the firm from a client, A.W. Killian, by personally accepting part of that sum and by making collection of the remainder impossible. When the partners determined that Cobb had made this billing uncollectable, they withheld the next $5,000 installment, advising Cobb that they were applying that sum to the uncollected billing. From the next due installment, they withheld the remaining $2,350, and submitted payment for the balance of $2,650, ($5,000 less $2,350) again informing Cobb of what they were doing. Cobb held that check and did not negotiate it, as he did the next two checks of $5,000 each which appellants timely paid. After Wells’ and Crippen’s initial withholding of the $5,000 payment, Cobb filed his complaint, accelerating payment and demanding judgment.
We see no reason to disturb the trial court’s finding that the set-off was proper, because there was competent evidence to support the conclusion that the Killian obligation was due, was liquidated and that Cobb was obligated to appellants for that sum. This finding however, militates against the conclusion that appellants were in default when the complaint was filed. Because the $7,350 offset was for a liquidated sum to which Wells and Crippen were immediately entitled, they were not in default on the promissory note when Cobb attempted to accelerate the debt, so Cobb’s exercise of his option to accelerate was not proper. Accordingly, we reverse the judgment and remand the cause to the trial court with directions to dismiss the complaint. The remaining issues on appeal as well as the cross-appeal are rendered moot.
REVERSED and REMANDED
COBB, C.J., and FRANK D. UP-CHURCH, Jr., J., concur.