Richard William **VERHOEF** and, Delores Arness Verhoef, husband and wife; Jack Michael DeAlba and Emma DeAlba, husband and wife, Plaintiffs and Appellants,

v.

Gerard R. **ASTON** and, Sharon L. Aston, husband and wife; Dale Hallock, an individual; Zions National Title, Inc., a Utah corporation, Defendants and Respondents.

No. 860062–CA.

Court of Appeals of Utah.

Aug. 5, 1987.

Aaron F. Jepson, Salt Lake City, for plaintiffs and appellants.

Richard William Verhoef and Deloris A. Verhoef, Crestline, pro se.

Jack DeAlba and Emma DeAlba, Redlands, Cal., pro se.

Brian C. Harrison, Provo, for defendants and respondents.

Before GREENWOOD, DAVIDSON and JACKSON, JJ.

## OPINION

GREENWOOD, Judge:

Plaintiffs, Richard and Delores Verhoef (the Verhoefs) and Jack and Emma DeAlba (the DeAlbas) appeal a ruling that the contract they entered into with defendants to purchase a house was binding and that plaintiffs breached the contract. We affirm.

## FACTS

On November 25, 1980, plaintiffs bought a house from defendants, Gerard and Sharon Aston (the Astons). The parties executed a uniform real estate contract which provided for a $78,000.00 purchase price, $10,163.32 downpayment and monthly payments of $833.00. In addition to the $10,000.00 downpayment, plaintiffs also paid $9,836.68. The central dispute involves the disbursement of the $9,836.68 payment. Plaintiffs argued that the $9,836.68 was an additional downpayment and should have reduced the balance on the house to approximately $58,000.00. Defendants, on the other hand, asserted that the funds were held in escrow and were used to pay $348.00 of the $833.00 payment each month for two years. Plaintiffs testified that an escrow account was established because they could not fully meet the monthly payments, but insist nevertheless that the $9,836.68 was a downpayment.

The dispute regarding the $9,836.68 surfaced when plaintiffs failed to pay the unpaid balance of the loan on December 1, 1982 as required by the uniform real estate contract. Apparently, at that time, they discovered the unpaid balance was approximately $67,853.82. Plaintiffs then initiated this action seeking to reform the contract, under various theories, to reflect a $19,836.68 downpayment with an approximate $58,000.00 balance. Defendants counterclaimed against only the Verhoefs alleging the Verhoefs had breached the contract. During trial the judge allowed defendants to amend their counterclaim to include the DeAlbas as co-plaintiffs. Plaintiffs were given twenty days to raise additional matters in the DeAlbas' behalf. The court dismissed plaintiffs' claims against defendants, found the uniform real estate contract clear, unambiguous and binding between the parties and found plaintiffs had breached the contract by failing to refinance or pay off the loan. Accordingly, defendants were granted judgment against plaintiffs for $79,987.04, the balance due on

the loan at the time the decision was rendered, and $3,015.00 in attorney's fees.

Two issues are presented on appeal: 1) did the trial court err in finding the uniform real estate contract clear, unambiguous and binding; and 2) were defendants unjustly enriched in the amount of $9,836.68?

## ANALYSIS

Plaintiffs' contend that the trial court erred in finding the uniform real estate contract clear, unambiguous and binding. According to plaintiffs the court should have construed the uniform real estate contract in light of the other documents relating to the subject transaction, and urge that such an analysis would have compelled reformation of the contract. We disagree.

Contracts should be construed so as to give effect to the parties' intentions, and such intent should be determined, if possible, by examining the written agreement executed by the parties. *Atlas Corp. v. Clovis Nat'l Bank*, 737 P.2d 225, 229 (Utah 1987). When agreements are executed "substantially contemporaneously and are clearly interrelated, they must be construed as a whole and harmonized, if possible." *Id.* at 229.

In this case, the uniform real estate contract was executed in conjunction with execution of escrow instructions. The escrow instructions state "$9,836.68 will be held in Seller's funds to be paid on monthly payments for 2 yrs." In addition, the instructions contain the following payment provision:

> the entire unpaid balance shall be due and payable on or before December 1, 1982.... The Buyers herein will pay $485.00 monthly and the Sellers will pay $348.00 monthly.... It is understood that the overage of downpayment made to the Seller's [sic] is to be owned by the Seller's [sic], however the Seller will make the above monthly payment from these funds for the two years as outlined above. Any difference shall be given the Seller's [sic] which may be left over after the two years of installments.

The trial court reasonably found, after examining the two documents, that the $9,836.68 was not a downpayment and could not therefore be applied to reduce the principal balance, but was placed in escrow to help fund the plaintiffs' monthly payment obligation. Plaintiffs argue that the earnest money agreement provision for a $20,000.00 downpayment ought to be considered in construing the uniform real estate contract as the two documents are inconsistent. However, a basic tenet of contract law is that prior negotiations and agreements merge into the final written agreement on the subject. *Dix Steel Co. v. Miles Const. Co.*, 74 Wash.2d 114, 443 P.2d 532, 535–36 (1968). Also, parol evidence will not be considered in construing a contract unless there is ambiguity in the final document and other contemporaneous writings on the same subject. *Mathis v. Madsen*, 1 Utah 2d 46, 261 P.2d 952, 956 (1953). The court correctly concluded as a matter of law that the uniform real estate contract was unambiguous and binding. In light of that ruling, we find the court committed no error in refusing to find that defendants were unjustly enriched.

Affirmed. Costs to defendant.

DAVIDSON, J., concurs.

JACKSON, J., concurs in the result.