2005 UT App 204

**CACHE COUNTY, a public politic, Plaintiff and Appellee,**

v.

**Leo R. BEUS, Annette Beus, Malcolm C. Young, Alice H. Young, Charles M. Young, John H. Young, William Horsley, and Susan Horsley ("The Beus Group"), Defendants and Appellants.**

No. 20030882–CA.

Court of Appeals of Utah.

Nov. 25, 2005.

Brian G. Cannell and Lyle W. Hillyard, Hillyard Anderson & Olsen, Logan, for Appellants.

Andrew M. Morse and D. Jason Hawkins, Snow Christensen & Martineau, Salt Lake City, for Appellee.

Before BENCH, Associate P.J., DAVIS and McHUGH, JJ.

## OPINION

DAVIS, Judge:

¶1 Defendants appeal the trial court's entry of judgment and award of attorney fees and court costs to Cache County. We affirm in part, reverse in part, and remand.

## BACKGROUND

¶2 The facts of this case are set forth at length in our prior opinion, *Cache County v. Beus,* 1999 UT App 134, 978 P.2d 1043 (*Cache County I*), but we will briefly address those facts pertinent to this appeal. In 1994, the parties entered into a lease (the Lease), whereby Cache County leased certain property from Defendants at below-market rates for a period of ten years.[1] In April 1995,

---

1. The Lease was negotiated as part of a settlement of prior litigation.

Defendants attempted to terminate the Lease and demanded that Cache County vacate the property on the basis that Cache County had not paid rent and had not cured its default in a timely manner. Shortly thereafter, Cache County filed a lawsuit seeking declaratory judgment that the Lease remained in full force and effect.

¶ 3 The parties each filed motions for summary judgment. The trial court granted Cache County's motion for summary judgment, concluding that Cache County as a matter of law had substantially complied with the Lease and that equity principles prevented forfeiture. Defendants appealed and we reversed, holding that Cache County had breached the Lease. *See Cache County I,* 1999 UT App 134 at ¶ 22, 978 P.2d 1043. However, we remanded the case for a trial on the issue of substantial compliance, stating that genuine and material fact issues existed "concerning the adverse consequences of forfeiture suffered by Cache County in relation to the damages suffered by Beus" due to Cache County's default. *Id.* at ¶ 41.

¶ 4 Despite the fact that we ordered "a trial on the issue of substantial compliance," *id.,* Defendants argued on remand that equity should not be considered in this case because Cache County's own "inadvertence and neglect" caused their failure to timely cure their default and, under *Utah Coal & Lumber Restaurant, Inc. v. Outdoor Endeavors Unlimited,* 2001 UT 100, 40 P.3d 581, "equity should not be applied in situations where the lessee's negligence, inadvertence, or neglect caused the failure," *id.* at ¶ 14. The trial court ruled that *Utah Coal & Lumber* applied to "option situations as opposed to bilateral contracts such as this Lease" and found in favor of Cache County, stating that "the adverse consequences of forfeiture suffered by [Cache] County overwhelmingly outweigh any damages suffered or allegedly suffered by [Defendants]" as a result of Cache County's default. In particular, the trial court enjoined Defendants from taking any action to remove Cache County,

and determined that the Lease remained in full force and effect, that ejectment was not a proper remedy, and that Defendants were not entitled to any damages. Furthermore, the trial court awarded Cache County, as the "prevailing party," all of its attorney fees and court costs from the inception of the litigation. Defendants timely appealed.

## ISSUES AND STANDARDS OF REVIEW

¶ 5 Defendants claim that the trial court erred when it: (1) purportedly admitted certain evidence in contravention of our instructions in *Cache County I,* (2) determined that *Utah Coal & Lumber* has no application to this case, (3) failed to rule that ejectment was an appropriate remedy, (4) made certain conclusions of law regarding Cache County's relocation costs, and (5) awarded Cache County all of its attorney fees and court costs from the inception of the litigation.[2]

¶ 6 "Whether the trial court properly complied, on remand, with our decision in [*Cache County I* ] is a question of law which we review for correctness." *Slattery v. Covey & Co.,* 909 P.2d 925, 927 (Utah Ct.App.1995). Similarly, determinations of law are reviewed for correctness, and we give no deference to the trial court's determinations. *See State v. Pena,* 869 P.2d 932, 936 (Utah 1994). A trial court's findings of fact, on the other hand, will not be set aside unless they are clearly erroneous. *See Chen v. Stewart,* 2004 UT 82, ¶ 19, 100 P.3d 1177. In order to establish that findings of fact are clearly erroneous, "[a]n appellant must marshal the evidence in support of the findings and then demonstrate that despite this evidence, the trial court's findings are so lacking in support as to be against the clear weight of the evidence." *Id.* (alteration in original) (quotations and citation omitted). "If the evidence is inadequately marshaled, this court assumes that all findings are adequately supported by the evidence." *Id.*

---

2. Defendants also argue that the trial court erred when it disregarded evidence respecting damages arising out of Defendants' ejectment claim. However, we are affirming the trial court's judgment that ejectment was not a proper remedy and therefore do not reach the issue of Defendants' damages arising therefrom.

¶ 7 " 'Whether attorney fees are recoverable in an action is a question of law [that] we review for correctness.' " *A.K. & R. Whipple Plumbing & Heating v. Guy*, 2002 UT App 73, ¶ 7, 47 P.3d 92 (alteration in original) (citation omitted), *aff'd*, 2004 UT 47, 94 P.3d 270. However, we "review the trial court's determination as to who was the prevailing party under an abuse of discretion standard," *Chang v. Soldier Summit Dev.*, 2003 UT App 415, ¶ 20, 82 P.3d 203, and the determination of attorney fees "is within the sound discretion of the trial court, and will not be overturned unless there is a showing of a clear abuse of discretion," *John Holmes Constr., Inc. v. R.A. McKell Excavating, Inc.*, 2004 UT App 392, ¶ 21, 101 P.3d 833 (quotations and citation omitted), *cert. granted*, 109 P.3d 804 (Utah 2005).

## ANALYSIS

¶ 8 In their first assignment of error, Defendants argue that the trial court acted contrary to our instructions in *Cache County I* by allowing in evidence wherein "Cache County attempted to again review the issue of breach of the Lease." But a review of the opinion issued in *Cache County I*, along with the trial court's memorandum decision, findings of fact and conclusions of law, and judgment, demonstrates no such thing. In *Cache County I*, we remanded the case for a trial on the issue of substantial compliance alone, mandating the trial court to examine the facts "concerning the adverse consequences of forfeiture suffered by Cache County in relation to the damages suffered by Beus" due to Cache County's default. *Cache County I*, 1999 UT App 134 at ¶ 41, 978 P.2d 1043. We instructed the trial court to "determine the materiality of the breach, and then decide whether the breaching party had substantially complied with the 'contract' (the [L]ease)," *id.* at ¶ 36 (emphasis omitted), and encouraged the court to use the five factors listed in the Restatement on Contracts in its analysis, *see id.* at ¶¶ 36–37 (quoting Restatement (Second) of Contracts: Circumstances Significant in Determining Whether a Failure is Material § 241 (1981)). The trial court

spent significant time doing just that, and determined that "the adverse consequences of forfeiture suffered by [Cache] County overwhelmingly outweigh any damages suffered or allegedly suffered by Beus" as a result of Cache County's default. In short, the trial court did exactly as we asked, and no error occurred here.

¶ 9 In their second assignment of error, Defendants allege that the trial court erred in determining that *Utah Coal & Lumber Restaurant, Inc. v. Outdoor Endeavors Unlimited*, 2001 UT 100, 40 P.3d 581, has no application to this case. In *Utah Coal & Lumber*, the Utah Supreme Court held that "the failure to strictly comply with a lease's option renewal terms may be equitably excused only when the failure is caused by instances of fraud, misrepresentation, duress, undue influence, mistake, or the lessor's waiver of its right to receive notice." *Id.* at ¶ 18. Defendants here claim that Cache County's "own negligence, inadvertence, and neglect" caused their failure to timely cure their default and, therefore, under *Utah Coal & Lumber*, the equitable doctrine of substantial compliance is inapplicable to this case.

¶ 10 We disagree. The sole question on appeal in *Utah Coal & Lumber* was whether the trial court erred in equitably excusing defendant's failure to timely exercise its lease renewal option. *See id.* at ¶ 10. The court began with the general proposition that "to exercise an option to renew a lease, a lessee must strictly comply with the terms of the lease's option renewal provisions," *id.* at ¶ 11 (citing *Geisdorf v. Doughty*, 972 P.2d 67, 70–71 (Utah 1998)), and examined the doctrine of substantial compliance within that framework, *see id.* at ¶¶ 11–18. There is nothing in *Utah Coal & Lumber* that would expand its holding beyond lease renewal options, and indeed, other Utah cases have found that renewal options should be treated differently than bilateral contracts. *See, e.g., Geisdorf*, 972 P.2d at 70–71 ("[A]lthough substantial compliance is sufficient for bilateral contracts, performance of an option [to renew] requires strict compliance.").[3] Here, in

---

**3.** The Utah Supreme Court has explained why bilateral contracts are to be treated differently

from options to renew:

*Cache County I,* we instructed the trial court to hold a trial on the issue of substantial compliance. *See Cache County I,* 1999 UT App 134 at ¶ 41, 978 P.2d 1043. That ruling is the law of the case, *see Thurston v. Box Elder County,* 892 P.2d 1034, 1037 n. 2 (Utah 1995) ("The terminology ['law of the case'] has ... been used to express the principle that inferior tribunals are bound to honor the mandate of superior courts within a single judicial system."), and nothing in *Utah Coal & Lumber* convinces us that it should not control.

■ ¶ 11 In their third assignment of error, Defendants claim that they are contesting the trial court's conclusion of law that ejectment was not a proper remedy.[4] In actuality, however, they are challenging the sufficiency of the evidence. "When challenging the sufficiency of the evidence, an appellant must marshal the evidence in support of the findings and then demonstrate that despite this evidence, the trial court's findings are so lacking in support as to be against the clear weight of the evidence." *438 Main St. v. Easy Heat, Inc.,* 2004 UT 72,¶ 69, 99 P.3d 801 (quotations and citation omitted). "Even where the defendants purport to challenge only the legal ruling, as here, if a determination of the correctness of a court's application of a legal standard is extremely fact-sensitive, the defendants also have a duty to marshal the evidence." *Chen v. Stewart,* 2004 UT 82,¶ 20, 100 P.3d 1177. Where an appellant fails to so marshal the evidence, we need not consider the challenge to the sufficiency of the evidence. *See Tanner v. Carter,* 2001 UT 18,¶ 17, 20 P.3d 332. Here, in *Cache County I,* we specifically noted that "the issue of whether a breach is substantial enough to foreclose the application of equita-

ble principles is particularly fact sensitive." *Cache County I,* 1999 UT App 134 at ¶ 40, 978 P.2d 1043. Despite this, Defendants have utterly failed to marshal the evidence supporting the trial court's ruling. We therefore do not consider Defendants' challenge to the sufficiency of the evidence and affirm the trial court's decision respecting ejectment.

■ ¶ 12 In their fourth assignment of error, Defendants challenge the trial court's findings of fact regarding Cache County's relocation costs, again asserting that they are challenging conclusions of law. "A trial court's findings of fact will not be set aside unless clearly erroneous." *Chen,* 2004 UT 82 at ¶ 19, 100 P.3d 1177. In order to establish that a particular finding of fact is clearly erroneous, an appellant again has a duty to marshal the evidence. *See id.* "If the evidence is inadequately marshaled, this court assumes that all findings are adequately supported by the record." *Id.* Here, Defendants marshaled no evidence in support of the trial court's findings of fact regarding Cache County's relocation costs. We therefore assume that they are supported by the record and affirm the same.

■ ¶ 13 Finally, in their fifth assignment of error, Defendants argue that the trial court committed error in awarding Cache County all of its attorney fees and court costs from the inception of the litigation, because Defendants were "determined to be the 'substantial prevailing party' at the summary judgment phase by the trial court and on appeal by the Utah Court of Appeals."[5] Although we agree that the trial court erred in awarding Cache County all of

---

The rule of substantial compliance with the terms of the contract which is applicable to bilateral contracts whereby both parties are already bound is not applicable to the exercise of an option, which ... is a continuing offer to make a bilateral contract [and] must be accepted precisely according to the terms of the offer. *Geisdorf v. Doughty,* 972 P.2d 67, 70 (Utah 1998) (alterations in original) (emphasis omitted) (quotations and citation omitted).

4. In their third assignment of error, Defendants also claim that the trial court committed error in failing to rule that the Lease was properly terminated. However, the conclusion of law that De-

fendants specifically challenge states only that "[t]he evidence fails to demonstrate that ejectment is a proper remedy," and does not include any evaluation regarding whether the termination of the Lease was proper.

5. In actuality, the trial court determined that "Cache County prevailed" on summary judgment. However, the trial court awarded Defendants their attorney fees and court costs for the summary judgment proceedings because "it was [Cache] County's fault that this matter was brought in the first place."

its attorney fees and court costs from the inception of the case, we do not agree with Defendants' reasoning.

¶ 14 There can be only one prevailing party in any litigation. *See Chang v. Soldier Summit Dev.*, 2003 UT App 415,¶ 27, 82 P.3d 203 ("[B]ecause we agree with both the trial court's determination that [d]efendants were the prevailing party for the purpose of awarding attorney fees and its decision to award attorney fees to [d]efendants, an award of attorney fees to [p]laintiffs would have been inappropriate."); *Mountain States Broad. Co. v. Neale*, 776 P.2d 643, 648 (Utah Ct.App.1989) (holding that the trial court erred in awarding both sides their attorney fees, even though the contract at issue awarded attorney fees to "the prevailing party" and both sides had "prevailed to some extent," on the basis that "there can be only one prevailing party"), *clarified by* 783 P.2d 551 (Utah Ct.App.1989). The term "prevailing party" is defined as " '[a] party in whose favor a judgment is rendered.' " *A.K. & R. Whipple Plumbing & Heating v. Guy*, 2002 UT App 73,¶ 11, 47 P.3d 92 (quoting Black's Law Dictionary 1145 (7th ed.1999)), *aff'd*, 2004 UT 47, 94 P.3d 270. Therefore, "[a] party . . . is not a prevailing party until after a determination on the merits is made by either a jury or a trial court judge," *J.V. Hatch Constr., Inc. v. Kampros*, 971 P.2d 8, 13 (Utah Ct.App.1998) (emphasis omitted), and "[w]here a contract . . . provides for attorney fees to the prevailing party, a party does not even become entitled to such fees until the jury has determined which party has prevailed in the case," *Meadowbrook, LLC v. Flower*, 959 P.2d 115, 117 (Utah 1998).

¶ 15 Regardless of the fact that Defendants were previously awarded attorney fees and court costs,[6] Cache County was clearly the "prevailing party" here. The trial court enjoined Defendants from taking any action to remove Cache County, and determined that the Lease remained in full force and effect, that ejectment was not a proper reme-

dy, and that Defendants were not entitled to any damages. The trial court therefore did not abuse its discretion in determining that Cache County was the "prevailing party" in this litigation. Furthermore, under the Lease at issue here, the "substantially prevailing party" is entitled to its reasonable attorney fees and court costs. As such, it was not error for the trial court to determine that Cache County was entitled to recover attorney fees and court costs.

¶ 16 It does not follow, however, that Cache County is entitled to recover all of its attorney fees and court costs. "If attorney fees are recoverable by contract, '[a] party is entitled only to those fees attributable to the *successful* vindication of contractual rights. . . .' " *Stacey Props. v. Wixen*, 766 P.2d 1080, 1084 (Utah Ct.App.1988) (emphasis added) (first alteration in original) (citation omitted); *see also ProMax Dev. Corp. v. Raile*, 2000 UT 4,¶ 32, 998 P.2d 254 (awarding fees to defendants as the "successful party" in the trial court and on appeal, but denying fees accrued in pursuing an unsuccessful motion to dismiss); *Valcarce v. Fitzgerald*, 961 P.2d 305, 318 (Utah 1998) (holding that the trial court erred in awarding a defendant and certain intervenors the full amount of their requested attorney fees without recognizing that some of the time charged by their counsel was spent on unsuccessful issues); *Paul Mueller Co. v. Cache Valley Dairy Ass'n*, 657 P.2d 1279, 1288 (Utah 1982) ("Because the counterclaim was unsuccessful, the hours spent in the prosecution thereof are noncompensable.").

¶ 17 Here, the trial court awarded Cache County all of its attorney fees and court costs from the inception of the case, despite the fact that only a portion of those fees and costs were " 'attributable to the *successful* vindication of contractual rights.' " *Stacey Props.*, 766 P.2d at 1084 (emphasis added) (citation omitted). Namely, Cache County's motion for summary judgment was unsuccessful. *See Cache County I*, 1999 UT App 134 at ¶ 41, 978 P.2d 1043 (reversing the

---

6. Cache County did not appeal the trial court's award of attorney fees and court costs to Defendants for the summary judgment proceedings, nor did Cache County seek review of our award

of attorney fees to Defendants in *Cache County I*. We therefore do not reach the issue of whether these awards of attorney fees and court costs to Defendants were proper.

entry of summary judgment in favor of Cache County). Cache County was also unsuccessful on appeal in *Cache County I, see id.* at ¶ 42, and nothing since then has changed the propriety of that ruling. Quite simply, in awarding Cache County all of its attorney fees and court costs from the inception of the case, the trial court did not consider whether such fees and costs were " 'attributable to the *successful* vindication of contractual rights.' " *Stacey Props.*, 766 P.2d at 1084 (emphasis added) (citation omitted).[7] We therefore reverse the matter of attorney fees and court costs, and remand for the determination of attorney fees and court costs consistent with this opinion.

## CONCLUSION

¶ 18 For the foregoing reasons, we affirm the trial court's entry of judgment in favor of Cache County except that portion thereof awarding fees and costs. We reverse the trial court's award of attorney fees and court costs to Cache County, and remand for the determination of attorney fees and court costs consistent with this opinion. Because Cache County is the "substantially prevailing party" in this litigation and has been successful in this appeal, we award Cache County its court costs and reasonable attorney fees incurred on appeal also to be determined by the trial court on remand.

¶ 19 WE CONCUR: RUSSELL W. BENCH, Associate Presiding Judge, CAROLYN B. McHUGH, Judge.

---

**7.** The trial court also had no discretion to award Cache County the attorney fees it incurred on appeal in *Cache County I*:

A trial court cannot consider the issue of entitlement to appellate attorney fees on its own initiative because this decision is the sole prerogative of the appellate court. The only time a trial court has any discretion in the matter of appellate attorney fees is when an appellate court determines that appellate attorney fees

are warranted, but remands the issue to the trial court for a determination of the amount to be awarded.

*Slattery v. Covey & Co.*, 909 P.2d 925, 929 (Utah Ct.App.1995) (emphasis omitted) (citations omitted). We did not award Cache County its attorney fees in *Cache County I*. The trial court was therefore without discretion to consider whether Cache County was entitled to the attorney fees it incurred on appeal in *Cache County I*.