2010 UT App 359

**Linda ANDERSON fka Linda Thompson, Petitioner and Appellant,**

v.

**Glenn Hunter THOMPSON, Respondent and Appellee.**

No. 20090892–CA.

Court of Appeals of Utah.

Dec. 16, 2010.

---

**23.** *Anderson v. Taylor*, 2006 UT 79, ¶ 25, 149 P.3d 352 (emphasis added) (quoting *State v. Thomas*, 961 P.2d 299, 305 (Utah 1998)).

**24.** *Id.*

**25.** *See Dexter v. Bosko*, 2008 UT 29, ¶¶ 17–18, 184 P.3d 592.

David J. Friel, South Jordan, for Appellant.

Bruce L. Richards and Dean A. Stuart, Salt Lake City, for Appellee.

Before Judges THORNE, VOROS, and CHRISTIANSEN.

## OPINION

CHRISTIANSEN, Judge:

¶ 1 Petitioner Linda Anderson (Wife) appeals the trial court's award of respondent Glenn Hunter Thompson's (Husband) attorney fees and costs incurred on appeal. We reverse.

## BACKGROUND

¶ 2 This case has an appellate history that includes two prior appeals: *Anderson v. Thompson*, 2008 UT App 3, 176 P.3d 464; and *Anderson v. Thompson* (*Anderson II* ), 2008 UT App 170 (mem.). In *Anderson II*, after reaching the merits of the issues on appeal, this court addressed Husband's request for attorney fees and costs:

> Husband argues that with a reversal, he should be awarded his attorney fees and costs below. Utah Code section 30–3–3(2) provides that "[i]n any action to enforce an order of custody, parent-time, child support, alimony, or division of property in a domestic case, the court may award costs and attorney fees upon determining that the party substantially prevailed upon the claim or defense." Utah Code Ann. § 30–3–3(2) (2007). Accordingly, we remand to the district court to determine if an award of costs and attorney fees should be awarded to Husband and, if so, to determine the amount.

*Anderson II,* 2008 UT App 170, para. 7, 2008 WL 2058253. On remand, the trial court awarded Husband's attorney fees and costs incurred at both the trial court level and the appellate level. Wife does not challenge Husband's award of attorney fees and costs incurred at the trial court level but appeals only Husband's award of attorney fees and costs incurred in the appellate action of *Anderson II.*

## ISSUE AND STANDARD OF REVIEW

¶ 3 The narrow issue raised on appeal is whether the trial court had the authority to award Husband his attorney fees and costs incurred in *Anderson II* given the language in the remand instructions. *See id.* "[R]eviewing whether a district court complied with the mandate [of an appellate court] presents a question of law, which we review for correctness." *Utah Dep't of Transp. v. Ivers,* 2009 UT 56, ¶ 8, 218 P.3d 583.

## ANALYSIS

¶ 4 A trial court does not have the authority to award appellate attorney fees and costs absent an explicit directive from the appellate court. *See Cache Cnty. v. Beus,* 2005 UT App 503, ¶ 17 n. 7, 128 P.3d 63 (" 'A trial court cannot consider the issue of entitlement to appellate attorney fees on its own initiative because this decision is the sole prerogative of the appellate court. The only time a trial court has any discretion in the matter of appellate attorney fees is when an appellate court determines that appellate attorney fees are warranted, but remands the issue to the trial court for a determination of the amount to be awarded.' " (quoting *Slattery v. Covey & Co.,* 909 P.2d 925, 929 (Utah Ct.App.1995))).

¶ 5 The *Anderson II* court did not give an explicit directive that Husband was entitled to appellate attorney fees and costs, *see* 2008 UT App 170, para. 7, 2008 WL 2058253, and therefore the trial court did not have the authority to award Husband's appellate attorney fees and costs, *see Cache Cnty.,* 2005 UT App 503, ¶ 17 n. 7, 128 P.3d 63. Because *Anderson II* did not discuss appellate attorney fees and costs, Husband was required to file a motion pursuant to rule 23 of the Utah Rules of Appellate Procedure requesting that the court address appellate fees if he thought he was entitled to appellate attorney fees and costs. *See* Utah R.App. P. 23(a); *Glew v. Ohio Sav. Bank,* 2008 UT 17, para. 2, 181 P.3d 791 (granting attorney fees on appeal and determining that if a party perceives that the appellate court overlooked his or her request for attorney fees on appeal, the party should file a rule 23 motion to request such fees rather than a petition for rehearing).

¶ 6 Wife also requests that she be awarded attorney fees and costs incurred in this appeal if we reverse the trial court's award of Husband's appellate attorney fees. Because Wife has not articulated a legal basis for such fees, we deny the request. Likewise, Husband's request for attorney fees incurred on this appeal is denied. Although Husband articulated a statutory basis for his attorney fees, because he did not meet the statutory requirements, including not prevailing on his claim, or articulate how that statute applies to an appeal, he is not entitled to attorney fees incurred in this appeal. *See* Utah Code Ann. § 30-3-3(2) (Supp.2010).

## CONCLUSION

¶ 7 Because there was no explicit directive from the *Anderson II* court regarding appellate attorney fees and costs, *see* 2008 UT App 170, para. 7, 2008 WL 2058253, we reverse the trial court's order granting Husband's attorney fees and costs incurred on appeal in *Anderson II* and vacate that portion of the award. However, because neither the order nor the minute entry from the trial court separately distinguishes the amount of attorney fees and costs incurred by Husband on appeal in *Anderson II,* we remand for the trial court to review Bruce L. Richard's affidavit to determine which of Husband's attorney fees and costs related to the *Anderson II* appeal and then deduct that amount from the $11,265.54 award. We deny both Husband's and Wife's requests for attorney fees and costs incurred in this appeal.

¶ 8 WE CONCUR: WILLIAM A. THORNE JR. and J. FREDERIC VOROS JR., Judges.