**2013 UT App 114**

## THE UTAH COURT OF APPEALS

YOUNG LIVING ESSENTIAL OILS, LLC,
*Plaintiff and Appellant,*
*v.*
CARLOS MARIN,
*Defendant and Appellee.*

Per Curiam Decision
No. 20120493-CA
Filed May 2, 2013

Fourth District, Provo Department
The Honorable Samuel D. McVey
No. 060402237

Barnard N. Madsen and Scott D. Preston,
Attorneys for Appellant
Scott B. Mitchell, Attorney for Appellee

Before JUDGES THORNE, ROTH, and CHRISTIANSEN.

PER CURIAM:

¶1 Young Living Essential Oils, LLC, appeals the district court's order concluding that the court lacked authority to award Young Living attorney fees that it incurred in a previous appeal because in that appeal the Utah Supreme Court did not specifically award appellate attorney fees to Young Living. We affirm.

¶2 This case was previously appealed to this court and then proceeded to the supreme court on a writ of certiorari. In its opinion, the supreme court acknowledged Young Living's concession during briefing that it was not entitled to attorney fees

related to non-contract claims and that Young Living would submit a revised affidavit on remand to the district court. *See Young Living Essential Oils, LLC v. Marin*, 2011 UT 64, ¶ 17, 266 P.3d 814. As a result, the supreme court remanded "to allow the district court to make any appropriate corrections to the fee award based on a revised fee affidavit filed by Young Living." *Id.* The supreme court's decision made no mention of an award of attorney fees incurred on appeal.

¶3     "A trial court does not have the authority to award appellate attorney fees and costs absent an explicit directive from the appellate court." *Anderson v. Thompson*, 2010 UT App 359, ¶ 4, 248 P.3d 981. More particularly,

> [a] trial court cannot consider the issue of entitlement to appellate attorney fees on its own initiative because this decision is the sole prerogative of the appellate court. The only time a trial court has any discretion in the matter of appellate attorney fees is when an appellate court determines that appellate attorney fees are warranted but remands that issue to the trial court for a determination of the amount to be awarded.

*Slattery v. Covey & Co.*, 909 P.2d 925, 929 (Utah Ct. App. 1995).

¶4     Because the supreme court did not expressly direct the district court to award appellate attorney fees, the district court correctly determined that it lacked authority to do so on its own initiative. Accordingly, we affirm.

———