2002 UT App 300

**TRENCH SHORING SERVICES, INC.,
a Utah corporation, Plaintiff and
Appellee,**

v.

**SARATOGA SPRINGS DEVELOPMENT,
L.L.C., a Utah limited liability company;
and Freewheeling Enterprises, Inc., a
Utah corporation, Defendants and Appellants.**

**No. 20010784–CA.**

Court of Appeals of Utah.

Sept. 26, 2002.

---

3. In light of this decision, we do not address Norris's remaining challenges.

Douglas Matsumori, Brent D. Wride, and Elaina M. Maragakis, Ray, Quinney & Nebeker, Salt Lake City, for Appellants.

David W. Slaughter and Heather S. White, Snow, Christensen & Martineau, Salt Lake City, for Appellee.

Before Judges BILLINGS, GREENWOOD, and ORME.

## OPINION

BILLINGS, Associate Presiding Judge:

¶1 Saratoga Springs Development, L.L.C., (Developer) appeals the district court's orders granting summary judgment and awarding attorney fees to Trench Shoring Services, Inc. (Supplier). We affirm.

## BACKGROUND

¶2 Developer owned several lots in Saratoga Springs, a planned unit development. To obtain the Town of Saratoga Springs's approval of subdivision plats, Developer agreed to improve the development's sewer system (the project).

¶3 Developer contracted with Larry Price Construction to make the project improvements. Larry Price Construction then subcontracted some of the project work to Freewheeling Enterprises, Inc. (Subcontractor). To perform that work, Subcontractor rented trench shoring equipment from Supplier on August 25, 1999. The rental agreement indicated the equipment was to be used on the project. Subcontractor gave Supplier a check for $3,392.57 for the rental. Thereafter, Supplier delivered the rented equipment to the project site.

¶4 On September 1, 1999, the $3,392.57 Subcontractor promised to pay under the rental agreement had been consumed. Supplier continued to rent the equipment to Subcontractor on Subcontractor's credit account with Supplier. On September 24, 1999, Subcontractor's check for $3,392.57 was returned for insufficient funds. The following day, Supplier retrieved its equipment from the project site.

¶5 After Subcontractor failed to pay for the rented equipment, Supplier filed an action against Subcontractor[1] and Developer. Supplier and Developer filed motions for summary judgment. In its motion, Supplier contended that because Developer failed to require Larry Price Construction, the project contractor, to obtain a payment bond under Utah Code Ann. § 14-2-1 to—5 (1999) (the Payment Bond Statute), Developer was liable for the rent for the equipment plus interest and collection costs and attorney fees as specified in the rental agreement and under the Payment Bond Statute. In its cross-motion, Developer admitted it failed to require a payment bond, but contended that the Payment Bond Statute did not apply to rent charges for equipment; therefore, Supplier was not entitled to recover under the statute. Developer also contended Supplier was not entitled to recover because Subcontractor's work failed to comply with project specifications and Supplier's equipment therefore did not benefit the project.

¶6 Following a hearing, the district court granted Supplier's motion and awarded Supplier the rent it claimed, prejudgment and postjudgment interest, and costs and attorney fees in collecting the judgment. Subsequently, the court also awarded attorney fees to Supplier as a prevailing party under the Payment Bond Statute. Developer now appeals.

## ISSUES AND STANDARDS OF REVIEW

¶7 Developer argues the district court erred in concluding that Supplier is entitled to recover under the Payment Bond Statute. This issue presents a question of statutory interpretation, which is a question of law. *See John Wagner Assocs. v. Hercules, Inc.,* 797 P.2d 1123, 1126 (Utah Ct.App.1990). Thus, we review the district court's interpretation for correctness. *See id.*

¶8 Developer also argues the district court erred in awarding Supplier attorney fees under the Payment Bond Statute. We review the district court's award of attorney fees under this statute, which makes the award discretionary, for an abuse of discre-

---

1. A default judgment was entered against Subcontractor. Subcontractor is not a party to this appeal.

tion. *See Bailey–Allen Co. v. Kurzet,* 876 P.2d 421, 428 (Utah Ct.App.1994).[2]

## ANALYSIS

**I. Supplier's Recovery Under the Payment Bond Statute**

**A. Payment Bond Statute's Applicability to Rented Equipment**

¶ 9 Developer first argues the district court erred in granting Supplier's motion for summary judgment because the Payment Bond Statute does not provide for the recovery of rent for the equipment used on the project. The Payment Bond Statute provides in relevant part:

> (2)(a) . . . before any contract exceeding $2,000 in amount for the construction, alteration, or repair of any building, structure, or improvement upon land is awarded to any contractor, the owner shall obtain from the contractor a payment bond complying with Subsection (3). . . .
>
> . . . .
>
> (3) The payment bond shall be . . . for the protection of all persons supplying labor, services, equipment, or material in the prosecution of the work provided for in the contract in a sum equal to the contract price.

Utah Code Ann. § 14–2–1(2)(a), (3) (1999). The statute further provides:

> [A]n owner who fails to obtain a payment bond is liable to each person who performed labor or service or supplied equipment or materials under the contract for the reasonable value of the labor or service performed or the equipment or materials

furnished up to but not exceeding the contract price.

*Id.* § 14–2–2(1).

¶ 10 " 'We will interpret and apply [a] statute according to its literal wording unless it is unreasonably confused or inoperable.' " *Cox Rock Prods. v. Walker Pipeline Constr.,* 754 P.2d 672, 676 (Utah Ct.App.1988) (citation omitted) (alteration in original). Only " '[w]hen uncertainty exists as to the interpretation and application of a statute, [is it] appropriate to look to its purpose in the light of its background and history, and also to the effect it will have in practical application.' " *John Wagner Assocs. v. Hercules, Inc.,* 797 P.2d 1123, 1125 (Utah Ct.App.1990) (citation omitted). We conclude the statute's plain meaning includes rent for the equipment used on the project.

¶ 11 Developer argues that under the statute an owner who fails to require a bond is liable for equipment that is "furnished," not equipment that is "rented." Thus, Developer argues the statute protects only equipment sellers. We disagree. The statute unambiguously imposes liability on an owner, who fails to require a contractor to obtain a bond, "to each person" who *"supplied* equipment . . . under the contract." Utah Code Ann. § 14–2–2(1) (emphasis added). The owner is liable "for the reasonable value of. . . . the equipment . . . *furnished."* *Id.* (emphasis added). "Equipment" is not qualified by the term sold, but rather the broader terms "supplied" and "furnished." Thus, we conclude the statute protects equipment lessors and they are entitled to recover the reasonable value of the equipment they furnish.[3]

---

**2.** Developer additionally argues the district court erred in awarding prejudgment and post-judgment interest at the rental agreement rate, rather than the statutory rate, as requested in Supplier's complaint and motion for summary judgment. Developer further argues the court erred in awarding collection fees and costs according to the rental agreement. These issues were not preserved for appeal. *See Badger v. Brooklyn Canal Co.,* 966 P.2d 844, 847 (Utah 1998). Thus, we decline to consider whether the district court erred in awarding interest and collection fees and costs to Supplier.

**3.** We are unpersuaded by Developer's argument that the statute is limited to sold "equipment" such as lumber, air conditioners, boilers, and elevators. Typically these items would be properly described as "material" or fixtures rather than "equipment." Given that construction equipment is typically rented in modern building projects, *see United Pac. Ins. Co., v. Martin & Luther Gen. Contractors, Inc.,* 455 P.2d 664, 675 (Wyo.1969), to limit the statute to sold equipment as Developer suggests would render the term "equipment" virtually meaningless and nonsensical in practical application.

¶ 12 Developer relies on *Graco Fishing & Rental Tools, Inc. v. Ironwood Exploration, Inc.*, 766 P.2d 1074 (Utah 1988), and *Johnson v. Gallegos Construction Co.*, 785 P.2d 1109 (Utah 1990). Developer claims in these cases the Utah Supreme Court held the term "rent" must be included for rent charges to be recoverable under the Payment Bond Statute.

¶ 13 We are not persuaded. In *Graco*, a subcontractor rented and sold oil well drilling equipment to the contractor. *See* 766 P.2d at 1075–76. As in the present case, the owner failed to obtain a payment bond from the contractor. *See id.* at 1076. After the contractor failed to pay for the equipment, the subcontractor sought relief from the owner under the then controlling Mechanics' Lien and Payment Bond Statutes. *See id.*

¶ 14 The court denied the subcontractor recovery of "rental services" under the then controlling Payment Bond Statute. *Id.* at 1077. At this date, the Payment Bond Statute required owners to obtain a bond " 'conditioned for the faithful performance of the contract and prompt payment for *material furnished and labor performed* under the contract.' " *Id.* at 1078 (quoting Utah Code Ann. § 14–2–1 (1973)) (emphasis added). The statute further provided, " '[a]ny person ... who shall fail to obtain such ... bond ... shall be personally liable to all persons who have *furnished materials or performed labor* under the contract for the reasonable value of such materials furnished or labor performed not exceeding, however, in any case the prices agreed upon.' " *Id.* (quoting Utah Code Ann. § 14–2–2 (1973)) (second ellipsis in original) (emphasis added). The supreme court noted, "*[t]he critical question ... [was] whether Graco, as a subcontractor which incurred rental costs, [was] a party who ... 'furnished materials or performed labor for or upon such building, structure or improvement for which payment has not been made.' " Id.* (emphasis added). The court then concluded the subcontractor had not "furnished materials or performed labor." *See id.* at 1079. The court explained, until the Payment Bond Statute was amended in 1985 "to expressly include rental charges [for equipment], liability for rental charges could

not be imposed under it." *Id.* Because the subcontractor's cause of action arose prior to the 1985 amendment, it could not recover under the Payment Bond Statute. *See id.*

¶ 15 At issue in *Johnson* was whether rent charges for equipment were recoverable under the 1985 version of Utah's Procurement Code, which requires bonds for public contracts. *See* 785 P.2d at 1110. At that date, the Procurement Code required contractors under public contracts to provide a payment bond

> "for the protection of *all persons supplying labor and material* to the contractor or its subcontractors for the performance of the work provided for in the contract.
>
> . . . .
>
> *Any person who has furnished labor or material* to the contractor or subcontractor for the work provided in the contract ... may sue on the payment bond...."

*Id.* at 1111 (quoting Utah Code Ann. § 63–56–38(1)(b),(3) (Supp.1985)) (ellipses in original). The supreme court concluded that unlike the Mechanics' Lien Statute, as amended in 1981 "to include rental charges," and section 14–2–1 of the Payment Bond Statute, as amended in 1985 "to include rental charges," " 'rental charges were not expressly subject to the [Procurement Code] and the liability it imposes.' " *Id.* at 1112 (quoting *Graco*, 766 P.2d at 1079) (alteration in original). Thus, the court concluded, "the term[s] *'labor and material'* as used in [the Procurement Code] did not include rent for equipment." *Id.* (emphasis added).

¶ 16 The current Payment Bond Statute is very different from the bond statutes at issue in *Graco* and *Johnson*. The bond statutes in *Graco* and *Johnson* referred only to "labor" and "material" and did not refer to "equipment." The current statute protects all persons who *supply equipment*. Further, *Graco* and *Johnson* do not hold "equipment furnished" excludes rented equipment. Nor do these cases address whether persons who "supply equipment" include lessors. Rather, the courts in *Graco* and *Johnson* noted that the issue was whether a party who incurred rent charges furnished labor or material. Thus, this authority is not helpful to determine whether the additions of "supplied

equipment" and "equipment furnished" extends the coverage of the Payment Bond Statute to charges for rental equipment used on a construction project. We conclude the added language clearly extends coverage to rented equipment.

¶ 17 The Missouri Court of Appeals similarly concluded an equipment lessor was entitled to recover rent charges after "equipment" was added to "labor and material" in Missouri's bond statute. *See Public Water Supply Dist. No. 3. v. Reliance Insur. Co.,* 708 S.W.2d 190, 192–93 (Mo.Ct.App.1986) (concluding rent charges for equipment were within bond statute following addition of "equipment"). The court explained, "Rental payments simply represent an increment of the useful life of the rented equipment, and it is perfectly logical to say that these increments are 'equipment ... consumed or used in connection with the construction of such work.' " *Id.* at 192. "[I]t is reasonable to consider that the wear and tear of these machines is a necessary contribution to the work, or, in other words, the reasonable value of the use of the machines contributes as much to the construction in hand as does the reasonable value of manual labor expended thereon." *Id.* (quotations and citations omitted).

¶ 18 In sum, we conclude the addition of the term "equipment," in conjunction with the broadly applicable terms "supplied" and "furnished," broadened the Payment Bond Statute to include equipment that is rented. Thus, the district court did not err in concluding Supplier is entitled to the rent charged for its equipment used on the project.

### B. Reasonable Value of the Equipment Furnished

¶ 19 Developer argues even if we conclude rented equipment is within the Payment Bond Statute, because Subcontractor's work had to be redone, Supplier's equipment did not benefit the project and thus had no rea-

sonable value to Developer. Thus, Developer argues Supplier is not entitled to recover any rent for the equipment it furnished.

■ ¶ 20 Under the Payment Bond Statute, a supplier is entitled to "the reasonable value of ... the equipment ... furnished up to but not exceeding the contract price." Utah Code Ann. § 14–2–2(1). The statute does not require a supplier to insure that the subcontractor improves a Developer's land to recover. Rather, the statute only requires the supplier to "furnish" equipment. *Id.; cf. United Pac. Ins. Co. v. Martin & Luther Gen. Contractors, Inc.,* 455 P.2d 664, 669–70, 674 (Wyo.1969) (concluding material and labor supplier was not required to show improvement in value of premises to owner to be entitled to a mechanic's lien and noting " '[t]he cases are in accord' " that original sales entries made in regular course of business as well as contract price " 'make out a prima facie case of the reasonable value of materials furnished.' " (quoting *Monarch Lumber Co. v. Wallace,* 132 Mont. 163, 314 P.2d 884, 887 (1957)) (emphasis omitted)).

¶ 21 In the present case it is undisputed that Supplier's equipment was used on the project. There is nothing in the record that indicates Supplier's equipment was faulty or that the rent charged was not the "reasonable value" of the equipment rented. Thus, we conclude the district court did not err in determining Supplier was entitled to recover the rent charged for its equipment used on the project.[4]

### II. Attorney Fees

¶ 22 Developer argues the district court erred in awarding attorney fees under the Payment Bond Statute without finding some "inappropriate, inequitable, or improper conduct" by Developer.

¶ 23 The Payment Bond Statute provides: "In an action for failure to obtain a bond, the court may award reasonable attorney[ ] fees to the prevailing party. These fees shall be

---

4. In footnotes to its summary judgment motion and its brief on appeal Developer asserts, "it is not clear that [Supplier] is entitled to recover as a sub-subcontractor, as it did not furnish any equipment under the contract between [Develop-

er] and the contractor, nor under the contract between the contractor and [Subcontractor.]" Because this issue was not adequately raised below, we decline to reach the merits on appeal. *See Badger,* 966 P.2d at 847.

taxed as costs in the action." Utah Code Ann. § 14–2–2(3).

¶ 24 The plain language of the statute does not require the district court to find "inappropriate, inequitable, or improper conduct" before awarding attorney fees. Further, we have stated, "[w]hen determining whether attorney fees should be awarded under the [Payment] Bond Statute, the [district] court should consider precedent treating the [statute] as auxiliary to the Mechanics' Lien Statute and as sharing with it a common purpose." *Bailey–Allen, Co. v. Kurzet,* 876 P.2d 421, 428 (Utah Ct.App. 1994).

¶ 25 Developer next argues the district court exceeded its discretion in awarding attorney fees to Supplier because Developer was not in privity with Supplier and received no benefit from Supplier's equipment. Given the purpose of the Payment Bond Statute to protect innocent suppliers from the privity requirement, *see Cox Rock Prods. v. Walker Pipeline Constr.,* 754 P.2d 672, 673 (Utah Ct.App.1988), we disagree. Thus, we cannot say the district court exceeded its discretion in awarding attorney fees under the statute.

## CONCLUSION

¶ 26 We hold rent for equipment may be recovered under the Payment Bond Statute and Supplier did not have to insure that Subcontractor improved Developer's property to recover under the statute. We also hold the statute did not require the district court to find culpable conduct by Developer before awarding attorney fees to Supplier. We accordingly affirm the district court's orders granting summary judgment and awarding attorney fees to Supplier.

¶ 27 WE CONCUR: PAMELA T. GREENWOOD and GREGORY K. ORME, Judges.