2003 UT App 415

Po–Cheng CHANG; Beatrice H. Chang; and American Estate Management Corporation, a Utah corporation, Plaintiffs and Appellants,

v.

SOLDIER SUMMIT DEVELOPMENT, a Utah limited partnership; American City Corporation, a Utah corporation; International Investment & Development Corporation, a Utah corporation; Ming–Cheng Lin; and Hsiun Mei Yen Lin, Defendants and Appellees.

No. 20020453–CA.

Court of Appeals of Utah.

Dec. 4, 2003.

Rehearing Denied Jan. 14, 2004.

R. Brent Stephens, Heather S. White, Snow Christensen & Martineau, Salt Lake City, for Appellants.

Merrill F. Nelson, David M. Wahlquist, Kirton & McConkie, Salt Lake City, for Appellees.

Before BILLINGS, Associate Presiding Judge, and DAVIS and ORME, JJ.

## OPINION

DAVIS, Judge:

¶1 Po–Cheng Chang, Beatrice H. Chang, and American Estate Management Corporation (collectively, Plaintiffs) appeal from the trial court's January 3, 2002 order of distribution. We affirm in part, and reverse and remand in part.

## BACKGROUND

¶2 Soldier Summit Development (SSD) is a Utah limited partnership, formed in November 1978. Plaintiffs are limited partners of SSD. American City Corporation is the only entity designated as a general partner in SSD's partnership agreement. However, because of a chain of common ownership among several entities and individuals, all of the following are defendants in this case: American City Corporation, International Investment & Development Corporation, Ming–Cheng Lin, and Hsiun Mei Yen Lin (collectively, Defendants). In addition to their involvement in SSD, Plaintiffs and Defendants have been involved in several other business relationships and ventures.

¶3 Several years after SSD was formed, Plaintiffs and Defendants executed an agreement (the Separation Agreement) to terminate some of their business relationships, including their involvement in SSD. The parties had disagreements about the Separation Agreement after it was executed and, as a result, Plaintiffs filed suit against Defendants. In their final amended complaint, Plaintiffs asserted causes of action for: (1) dissolution of SSD; (2) breach of fiduciary duty; (3) entitlement to an accounting of SSD; (4) negligent misrepresentation; (5) breach of the Separation Agreement; (6) breach of a consulting agreement; (7) breach of the partnership agreement; (8) fraud and misrepresentation; and (9) specific performance of the Separation Agreement, a consulting agreement, and the partnership agreement. In response, Defendants' answer asserted numerous affirmative defenses and asserted counterclaims for: (1) breach of fiduciary duty; (2) fraud and misrepresentation; (3) negligent misrepresentation; (4) conversion; (5) breach of the partnership

agreement; and (6) entitlement to an accounting of Homestead Associates, one of the parties' other partnerships.

¶4 Each party filed a motion for partial summary judgment and argued these motions before the trial court. After hearing oral argument, the trial court entered a memorandum decision and an order, dated August 18, 1997, "dispos[ing] of all issues raised by the pleadings." Plaintiffs were granted summary judgment on some claims and Defendants were granted summary judgment on some claims. In reference to two of Plaintiffs' claims, the order noted that, based upon a stipulation of the parties, the trial court would "order a decree of dissolution and an accounting of [SSD]." Plaintiffs appealed the trial court's order, asserting that the trial court erred in granting partial summary judgment to Defendants. This court affirmed the trial court's order. *See Chang v. Soldier Summit Dev.*, 1999 UT App 27 (mem.) (*Chang I*).

¶5 Thereafter, Plaintiffs filed several motions to enforce this order. The trial court entered an order, dated June 5, 2000, granting in part and denying in part Plaintiffs' motion to enforce. This order required Defendants to "procure a certified public accountant to prepare an accounting" of SSD "in accordance with generally accepted accounting principles" and required that the certified public accountant selected "must be acceptable to both [P]laintiffs and [D]efendants." The order also required that the accounting "be completed within thirty (30) days following closing of the sale to a third party of the real property owned by [SSD]" and that SSD pay for the cost of the accounting.

¶6 In August 2000, SSD sold the real property referenced in the court's order. Later, in the fall of 2000, the parties agreed upon an acceptable certified public accountant, Kent M. Bowman, to perform the accounting of SSD in accordance with the court's order and SSD engaged Bowman to perform the accounting. Bowman prepared his first accounting (the first accounting) and Defendants filed a motion for distribution of SSD's assets in accordance with the first accounting. Plaintiffs opposed Defendants'

motion and filed a cross-motion for distribution of SSD's assets in accordance with a schedule (Plaintiffs' proposed distribution schedule) prepared by a certified public accountant Plaintiffs had hired, Gil A. Miller. Before the court resolved the parties' respective motions, Miller and Bowman met to discuss the first accounting. Miller, representing only the Plaintiffs, suggested that Bowman make certain changes to the first accounting. Following this meeting, Bowman revised the first accounting and prepared a second accounting (the final accounting). Despite these efforts, Plaintiffs still opposed the final accounting.

¶7 To resolve these issues, the trial court held a three-day evidentiary hearing. Plaintiffs argued their opposition to the final accounting during the hearing. In response to these arguments, the trial court offered Plaintiffs the opportunity to resolve their opposition to the final accounting on at least two occasions. First, during opening statements, the trial court asked the parties if they would like to order a new accounting. Neither party indicated that they wanted a new accounting to be performed. Second, on the final day of the hearing, the trial court offered to suspend the hearing so that Plaintiffs could conduct an audit of SSD's books and records. Plaintiffs declined this offer.

¶8 Following the evidentiary hearing, the trial court entered its Findings of Fact, Conclusions of Law, and Order of Distribution, dated January 3, 2002. In its findings of fact, the court acknowledged Plaintiffs' specific objections to the final accounting and made numerous findings in support of the final accounting.

¶9 The trial court also entered findings and conclusions addressing each party's request for attorney fees. The trial court found that Defendants had made various loans to SSD and that a portion of these loans were used to pay SSD's attorney fees relating to this case. The trial court determined that SSD should repay Defendants for these loans, provided that the proceeds were used for a legitimate partnership purpose. The trial court also determined that the parties did not dispute that the loans were used for legitimate partnership purposes, except

for the portion of the loans used to pay SSD's attorney fees. The trial court concluded that because this case was a limited partnership derivative action pursuant to statute, *see* Utah Code Ann. § 48–2a–1001 (2002), Defendants, as general partners of SSD, were entitled to be reimbursed for SSD's attorney fees pursuant to statute. *See id.* § 48–2a–1006 (2002). However, the trial court also concluded that the statute limited such reimbursement to the extent that Defendants were successful in defending claims brought by Plaintiffs. *See id.* The trial court also determined "that [P]laintiffs [were] not entitled to recover their attorney fees."

¶ 10 The trial court then found that Defendants "prevailed on some claims, and [Plaintiffs] prevailed on some claims." The trial court further found that "the major issue[s] and most expensive aspect[s] in this litigation [were] whether [P]laintiffs could recover damages for breach of contract, fraud, and negligent misrepresentation arising out of [Defendants'] alleged failure to develop [SSD]'s real property. [Defendants] clearly prevailed on these issues both at the trial court and on appeal" in *Chang I.* Accordingly, the trial court determined that it was "appropriate to permit [SSD] to reimburse [Defendants] for only two-thirds of" SSD's attorney fees relating to this case. In support of this determination, the trial court noted that it was "based in part out of the [c]ourt's familiarity with the issues in the case and in part out of the [c]ourt's recognition that had [Defendants] kept better books and records, a portion of the expenses for the litigation may have been unnecessary." The trial court also noted that "[i]t represent[ed] the [c]ourt's best educated estimate regarding that portion of the fees incurred in defending against issues upon which [Defendants] prevailed on behalf of [SSD]."

¶ 11 Based upon the foregoing and its other findings and conclusions, the trial court ordered that the assets of SSD be distributed to the parties in accordance with the final accounting, as equitably modified by the trial court. Plaintiffs appeal.

## ISSUES AND STANDARDS OF REVIEW

¶ 12 First, Plaintiffs argue that the trial court erred in distributing SSD's assets in accordance with the final accounting. "We uphold a lower court's findings of fact unless the evidence supporting them is so lacking that we must conclude the finding is 'clearly erroneous.'" *Jeffs v. Stubbs,* 970 P.2d 1234, 1244 (Utah 1998) (citation omitted). "In contrast, we review a trial court's conclusions as to the legal effect of a given set of found facts for correctness." *Id.*

¶ 13 Second, Plaintiffs make several arguments about attorney fees. Plaintiffs argue that the trial court erred in concluding that Defendants were entitled to recover attorney fees. Plaintiffs also argue that the trial court erred in calculating the amount of attorney fees awarded to Defendants. Finally, Plaintiffs argue that the trial court erred in concluding that Plaintiffs were not entitled to recover attorney fees relating to claims upon which they were successful. "Whether attorney fees are recoverable is a question of law, which we review for correctness." *R.T. Nielson Co. v. Cook,* 2002 UT 11, ¶ 16, 40 P.3d 1119. When attorney fees are recoverable, "[t]he trial court has broad discretion in determining what constitutes a reasonable fee, and we will consider that determination against an abuse-of-discretion standard." *Id.* at ¶ 20 (quotations and citations omitted).

## ANALYSIS

### I. The Final Accounting

¶ 14 Plaintiffs argue that the trial court erred in distributing SSD's assets in accordance with the final accounting. In essence, Plaintiffs argue that the final accounting is not accurate or reliable because it contains several alleged deficiencies.

¶ 15 As confirmed by Plaintiffs' counsel at oral argument, Plaintiffs do not challenge the trial court's findings of fact supporting the final accounting. Rather, Plaintiffs characterize their argument purely as a challenge to the trial court's legal conclusions and order of distribution. However, the issues that Plaintiffs raise in their argument are either purely fact issues or, at most, mixed questions of law and fact. Because Plaintiffs do

not challenge the trial court's findings, and because we conclude that the trial court's legal conclusions and order of distribution are both legally sound and supported by the unchallenged findings,[1] Plaintiffs' argument fails. *See Miller v. Martineau & Co.,* 1999 UT App 216,¶ 34, 983 P.2d 1107 ("[B]ecause [appellant] does not challenge the trial court's pertinent findings, we affirm the trial court's conclusion. . . .").

¶ 16 Furthermore, at the evidentiary hearing, Plaintiffs waived their challenge to any alleged deficiencies in the final accounting. At the hearing, the trial court offered Plaintiffs at least two opportunities to correct the alleged deficiencies. However, the record and the trial court's findings establish that Plaintiffs declined these offers and, instead, requested that the trial court choose between the final accounting and Plaintiffs' proposed distribution schedule, with equitable modifications made by the trial court as necessary. Plaintiffs' request and their rejection of the trial court's offer to correct the alleged deficiencies in the final accounting amount to invited error. As a result, Plaintiffs cannot now raise these issues as arguments on appeal. *See Cheves v. Williams,* 1999 UT 86,-¶ 20, 993 P.2d 191 (stating that, under invited error doctrine, verdict would not be reversed "where the complaining party essentially invited the alleged error by failing to avail itself of the opportunity—offered at trial—to avoid such error"); *Miller,* 1999 UT App 216 at ¶ 42, 983 P.2d 1107 ("The doctrine of invited error prohibits a party from setting up an error at trial and then complaining of it on appeal." (quotations and citations omitted)).

¶ 17 Based upon the foregoing, we affirm the trial court's distribution of SSD's assets in accordance with the final accounting.

## II.  Attorney Fees

¶ 18 Plaintiffs make several arguments about attorney fees.[2]  Plaintiffs argue that the trial court erred in concluding that Defendants were entitled to recover attorney fees.  Plaintiffs also argue that the trial court erred in calculating the amount of attorney fees awarded to Defendants.  Finally, Plaintiffs argue that the trial court erred in concluding that Plaintiffs were not entitled to recover attorney fees relating to claims upon which they were successful.

### A.  Defendants' Entitlement to Attorney Fees

¶ 19 Plaintiffs argue that the trial court erred in concluding that Defendants were entitled to recover attorney fees.  "Attorney fees are generally recoverable in Utah only when authorized by statute or contract." *Prince v. Bear River Mut. Ins. Co.,* 2002 UT 68,¶ 52, 56 P.3d 524.  Neither party disputes the trial court's conclusion that Plaintiffs' case was brought as a limited partnership derivative action, pursuant to statute. *See* Utah Code Ann. § 48–2a–1001 (2002).  As such, an award of attorney fees and costs to the general partners—Defendants in this case—is authorized by statute as follows:

> To the extent that a general partner has been successful on the merits or otherwise in defense of any action, suit, or proceed-

---

1.  In support of the final accounting, the trial court entered the following findings of fact: (1) the final accounting was "an independent accounting"; (2) although SSD's books and records were "not as complete as they could be," they were "sufficient for preparation of a reasonably accurate accounting"; (3) the final accounting "reasonably reflect[ed] the income and expenses of [SSD] during the relevant time period"; (4) the income unaccounted for in the final accounting was "less than 1% of [SSD's] total income" and that because "such accuracy would be sufficient even for an audit," it was more than sufficient "for an accounting[,] which requires a much lower level of accuracy"; (5) the final accounting was prepared "in such a manner as to construe any incompleteness in favor of the [P]laintiffs"; (6) it was "reasonable to

accept [the final] accounting as being in compliance with the [c]ourt's June 5, 2000 order and to modify the accounting as equity may require to reach a final order of distribution."

2.  Intertwined with their argument about Defendants' attorney fees is Plaintiffs' argument that the 10% interest rate attached to the various loans Defendants made to SSD, including those for SSD's attorney fees, is "unconscionable." Because Plaintiffs raised this argument for the first time in their reply brief, we decline to address it. *See* Utah R.App. P. 24(c); *Hart v. Salt Lake County Comm'n,* 945 P.2d 125, 139 n. 9 (Utah Ct.App.1997) ("[B]ecause this argument was raised for the first time in [the] reply brief, we decline to address it.").

ing brought against the general partner under [s]ection 48–2a–1001, or in defense of any claim, issue, or matter therein, the general partner shall be indemnified by the limited partnership against expenses, including attorney[ ] fees, which the general partner actually and reasonably incurred.

*Id.* § 48–2a–1006 (2002). Section 48–2a–1006 clearly requires the trial court to award attorney fees and costs to general partners to the extent they are successful in defending claims brought by limited partners under section 48–2a–1001. Therefore, in order to award attorney fees and costs to Defendants under section 48–2a–1006, the trial court was required to determine the extent that Defendants were successful in defending the claims brought by Plaintiffs under section 48–2a–1001.

¶ 20 The determination of which party is the prevailing party for purposes of an attorney fee award

is an appropriate question for the trial court. This question depends, to a large measure, on the context of each case, and, therefore, it is appropriate to leave this determination to the sound discretion of the trial court. We therefore review the trial court's determination as to who was the prevailing party under an abuse of discretion standard.

*R.T. Nielson Co. v. Cook,* 2002 UT 11, ¶ 25, 40 P.3d 1119. Appropriate considerations for a trial court in making this determination include: (1) "the number of claims, counterclaims, cross-claims, etc., brought by the parties"; (2) "the importance of the claims relative to each other and their significance in the context of the lawsuit considered as a whole"; and (3) "the dollar amounts attached to and awarded in connection with the various claims." *Id.* "Based on these and other relevant factors, the trial court is in a better position than we are as an appellate court to

decide which party is the prevailing party." *Id.*

¶ 21 In its findings of fact, the trial court determined that Defendants prevailed on two-thirds of the case brought by Plaintiffs and, accordingly, awarded Defendants two-thirds of SSD's attorney fees.[3] In support of this determination, the trial court found that although each party prevailed on some claims, the Defendants prevailed on the "major issue[s] and most expensive aspect[s]" of this case, which were "whether [P]laintiffs could recover damages for breach of contract, fraud, and negligent misrepresentation arising out of [Defendants'] alleged failure to develop [SSD]'s real property." The trial court noted that "[Defendants] clearly prevailed on these issues both at the trial court and on appeal" in *Chang I.*

¶ 22 We conclude that the trial court considered the appropriate factors and did not abuse its discretion in determining that Defendants prevailed on two-thirds of the case brought by Plaintiffs. As a result, the trial court properly determined the extent that Defendants were successful in defending the claims brought by Plaintiffs, as required under section 48–2a–1006. Therefore, we uphold the trial court's conclusion that Defendants were entitled to two-thirds of SSD's attorney fees under section 48–2a–1006.

### B. Amount of Defendants' Attorney Fees

¶ 23 Plaintiffs argue that the trial court erred in calculating the amount of attorney fees awarded to Defendants. Section 48–2a–1006 allows a general partner to be indemnified by the limited partnership for attorney fees, but only for those fees "which the general partner actually and reasonably incurred." Utah Code Ann. § 48–2a–1006. "Calculation of reasonable attorney fees is in the sound discretion of the trial court, and will not be overturned in the absence of a showing of a clear abuse of discretion." *Dixie State Bank v. Bracken,* 764 P.2d 985, 988

---

**3.** The trial court determined that Defendants "prevailed" on two-thirds of the case. However, the statute authorizing an award of attorney fees in this case requires that Defendants be "successful." Utah Code Ann. § 48–2a–1006 (2002). We have previously held that these two terms are used synonymously in determining when a party

is entitled to attorney fees. *See A.K. & R. Whipple Plumbing & Heating v. Guy,* 2002 UT App 73, ¶ 12, 47 P.3d 92 (holding that the terms " 'successful party' " and " 'prevailing party' " should be used synonymously when determining entitlement to attorney fees under a statute), *cert. granted,* 59 P.3d 603 (Utah 2002).

(Utah 1988) (citation omitted). In exercising its discretion to determine reasonable attorney fees for purposes of an attorney fee award,

> the trial court should find answers to four questions:
>
> 1. What legal work was actually performed?
>
> 2. How much of the work performed was reasonably necessary to adequately prosecute the matter?
>
> 3. Is the attorney's billing rate consistent with the rates customarily charged in the locality for similar services?
>
> 4. Are there circumstances which require consideration of additional factors, including those listed in the Code of Professional Responsibility?

*Id.* at 990 (footnotes omitted).

■ ¶ 24 In this case, Defendants' attorney fee award was somewhat unique, in that the award was made indirectly, by validating the repayment of loans made by Defendants to SSD for the attorney fees. Although the trial court properly determined that SSD should repay Defendants for any loans made to SSD for legitimate partnership purposes, this determination does not amount to a determination of an award of reasonable attorney fees to Defendants. Regardless of the circumstances surrounding the attorney fee award in this case, the trial court was still under an obligation to consider the required factors before making such an award. *See id.* After reviewing the record and the trial court's findings of fact, it is unclear whether the trial court considered these factors.

Therefore, we conclude that the trial court exceeded its discretion in determining the amount of attorney fees awarded to Defendants. We remand for the trial court to determine SSD's reasonable attorney fees and to adjust Defendants' attorney fee award, if necessary, consistent with this opinion.[4]

### C. Plaintiffs' Attorney Fees

■ ¶ 25 Finally, Plaintiffs argue that the trial court erred in concluding that Plaintiffs were not entitled to recover attorney fees relating to claims upon which they were successful. Again, "[a]ttorney fees are generally recoverable in Utah only when authorized by statute or contract." *Prince v. Bear River Mut. Ins. Co.,* 2002 UT 68,¶ 52, 56 P.3d 524. In a limited partnership derivative action, *see* Utah Code Ann. § 48–2a–1001 (2002), an award of attorney fees and costs to the limited partners—Plaintiffs in this case—is permitted by statute as follows:

> If a derivative action [5] is successful, in whole or in part, or if anything is received by the plaintiff as a result of a judgment, compromise, or settlement of an action or claim, the court may award the plaintiff reasonable expenses, including reasonable attorney[ ] fees, and shall direct him to remit to the limited partnership the remainder of those proceeds received by him.

*Id.* § 48–2a–1004 (2002).

¶ 26 Section 48–2a–1004 clearly provides that, in a limited partnership derivative action, the trial court *"may* award the plaintiff

---

4. Defendants request attorney fees incurred on appeal. "[W]here a statute provides for the payment of attorney fees to the 'prevailing party' or the 'successful party,' we have held that such a party is entitled to fees in the trial court and on appeal if the judgment is affirmed." *Zoll & Branch, P.C. v. Asay,* 932 P.2d 592, 595 (Utah 1997) (citations omitted). "Only if a party has fully complied with the terms of the entitling statute should fees be awarded." *Id.* We have already held that the trial court properly determined that Defendants were entitled to attorney fees at the trial level to the extent that they were successful in defending the claims brought by Plaintiffs, in accordance with the entitling statute. *See* Utah Code Ann. § 48–2a–1006. We also hold that Defendants are entitled to attorney fees incurred on appeal, in an amount to be determined by the trial court on remand. *See Valcarce v. Fitzgerald,* 961 P.2d 305, 319 (Utah 1998); *Brown v. David K. Richards & Co.,* 1999 UT App 109,¶¶ 25–27, 50, 978 P.2d 470; *Brown v. Richards,* 840 P.2d 143, 156–57 (Utah Ct.App. 1992). That amount must reflect, of course, that Defendants were not successful on appeal on issue B of section II of this opinion. *See Mountain States Broad. Co. v. Neale,* 783 P.2d 551, 556 n. 10, 557 n. 11 (Utah Ct.App.1989).

5. The parties do not dispute the trial court's conclusion "that this action is in the nature of a derivative action as described in" the statute governing limited partnership derivative actions. *See* Utah Code Ann. § 48–2a–1001 (2002).

... reasonable attorney fees." *Id.* (emphasis added). Because the plain language of the statute makes the award of attorney fees discretionary, we review the trial court's decision under an abuse of discretion standard. *See Trench Shoring Servs., Inc. v. Saratoga Springs Dev., L.L.C.*, 2002 UT App 300,¶ 8, 57 P.3d 241.

¶ 27 After reviewing the trial court's ruling and the record, we cannot say that the trial court exceeded its discretion in determining that Plaintiffs were not entitled to attorney fees under section 48–2a–1004. Furthermore, because we agree with both the trial court's determination that Defendants were the prevailing party for the purpose of awarding attorney fees and its decision to award attorney fees to Defendants, an award of attorney fees to Plaintiffs would have been inappropriate. *See Mountain States Broad. Co. v. Neale*, 783 P.2d 551, 555–57 (Utah Ct.App.1989). Therefore, we affirm the trial court's conclusion that Plaintiffs were not entitled to attorney fees.

CONCLUSION

¶ 28 We affirm the trial court's distribution of SSD's assets in accordance with the final accounting. We also affirm the trial court's conclusion that Defendants were entitled to an award of attorney fees and hold that Defendants are entitled to attorney fees on appeal. However, we conclude that the trial court exceeded its discretion in determining the amount of attorney fees awarded to Defendants. We remand for the trial court to determine Defendants' reasonable attorney fees incurred both at trial and on appeal, and to adjust Defendants' attorney fee award, consistent with this opinion. Finally, we affirm the trial court's conclusion that Plaintiffs were not entitled to attorney fees.

¶ 29 WE CONCUR: JUDITH M. BILLINGS, Associate Presiding Judge, and GREGORY K. ORME, Judge.