252 P.3d 865 (2011)
2011 UT App 56
In the Matter of the ESTATE OF Gary G. PAHL, Deceased.
KaLynn Ninow, Petitioner and Appellee,
v.
Robert Henry Copier, Petitioner and Appellant.
No. 20100868-CA.
Court of Appeals of Utah.
February 25, 2011.
*866 Robert Henry Copier, Salt Lake City, Appellant Pro Se.
Before Judges ORME, VOROS, and CHRISTIANSEN.

DECISION
PER CURIAM:
¶ 1 Robert Henry Copier appeals the district court's order entered on September 10, 2010. This matter is before the court on a sua sponte motion for summary disposition. We affirm.
¶ 2 This appeal arises from this court's decision remanding the parties' previous appeal to the district court on the narrow issue of Petitioner's reasonable attorney fees incurred in defending against the appeal. See Ninow v. Lowe (In re Estate of Pahl), 2007 UT App 389, ¶ 18, 174 P.3d 642. On remand, Copier filed additional motions and discovery, including the filing of a motion for sanctions and contempt against Petitioner. Copier also filed a petition to remove Petitioner as the personal representative of the estate.
¶3 On November 9, 2009, the district court entered a final order awarding Petitioner's attorney fees against Copier as ordered by this court.[1] The November 9, 2009 judgment also awarded additional fees against Copier. Copier filed a timely rule 59 motion for a new trial. On September 10, 2010, the district court denied the motion for a new trial, denied all pending motions, and reiterated that the November 9, 2009 order and judgment was the final order and judgment that "completely fulfilled the remand order of the Court of Appeals."
¶ 4 Copier asserts that the district court's November 9, 2009 order and judgment erroneously awarded additional attorney fees beyond the scope of this court's remand order. "Calculation of reasonable attorney fees is in the sound discretion of the trial court, and will not be overturned in the absence of a showing of a clear abuse of discretion." Chang v. Soldier Summit Dev., 2003 UT App 415, ¶ 23, 82 P.3d 203. In addition to a district court's ability to impose sanctions under rule 11 of the Utah Rules of Civil Procedure, a district court also has the inherent power to impose monetary sanctions against an attorney that files baseless motions and wastes judicial resources. See Griffith v. Griffith, 1999 UT 78, ¶ 12, 985 P.2d 255. The inherent power to award fees against an offending attorney exists independently from sanctions under rule 11. See id. ¶¶ 12-14.
¶ 5 Pursuant to this court's remand order, the district court's November 9, 2009 judgment determined the reasonable amount of attorney fees incurred by Petitioner in defending the prior appeal. The November 9, 2009 judgment also awarded Petitioner additional fees incurred for defending matters brought without merit. Copier fails to demonstrate that the district court abused its discretion by awarding Petitioner additional fees incurred in litigating the amount of reasonable attorney fees incurred on appeal. Pursuant to Utah Code section 78B-5-825, the district court also determined that Copier filed a petition to remove the personal representative that was brought without merit and not in good faith. See Utah Code Ann. § 78B-5-825 (2008). It is within the district court's discretion to determine whether matters were filed without merit and not in good faith. See Utah Dep't of Soc. Servs. v. Adams, 806 P.2d 1193, 1197 (Utah Ct.App. 1991). Furthermore, "appellate deference is owed to the trial judge who actually presided over the proceeding and has first-hand familiarity with the litigation." Id. Copier fails to demonstrate that the district court abused its discretion in awarding additional fees on remand.
¶ 6 Accordingly, the district court's September 10, 2010 order is affirmed.[2]
NOTES
[1] Copier also asserts that he is uncertain whether the November 9, 2009 order and judgment was a final, appealable order. The November 9, 2009 order constituted a final, appealable order as it fully satisfied the limited scope of remand by determining Petitioner's "reasonable attorney fees in defending against [the prior] appeal." See Ninow, 2007 UT App 389, ¶ 18, 174 P.3d 642.
[2] Copier raises other issues. We determine that they are wholly lacking in merit and decline to address them further. See State v. Carter, 888 P.2d 629, 648 (Utah 1995).