265 P.3d 848 (2011)
2011 UT App 393
In the Matter of the ESTATE OF Gary G. PAHL, Deceased.
KaLynn Ninow, Petitioner and Appellee,
v.
Robert Henry Copier, Respondent and Appellant.
No. 20110524-CA.
Court of Appeals of Utah.
November 17, 2011.
*849 Robert Henry Copier, Salt Lake City, Appellant Pro Se.
Daniel F. Van Woerkom, Highland, for Appellee.
Before Judges DAVIS, McHUGH, and ROTH.

DECISION
PER CURIAM:
¶ 1 Robert Henry Copier appeals the May 25, 2011 Order and Judgment, which augmented an earlier attorney fee award by adding an additional $28,750.00 incurred in efforts to collect the previous judgment. We affirmed the original attorney fees award in Ninow v. Copier, 2011 UT App 56, 252 P.3d 865 (per curiam). This case is before this court on a sua sponte motion for summary affirmance and on Copier's motion for summary reversal.
¶ 2 The May 25, 2011 Order and Judgment granted KaLynn Ninow's Second Motion for Determining Amount of Judgment. After incorporating the awards made in the November 9, 2009 Order and Judgment, the May 25, 2011 judgment made an additional award of attorney fees of
[t]he amount of $28,750.00 for the reasonable attorney fees incurred by Petitioner in collecting the amounts owed by Respondent under and in connection with the Court's Order and Judgment dated November 9, 2009.
¶ 3 Copier characterizes the May 25, 2011 Order and Judgment as a judgment for the total of $47,576.50, and thereby fails to acknowledge that all but the additional amount of $28,750.00 was awarded in the November 9, 2009 Order and Judgment and included in the September 10, 2010 Minute *850 Entry and Order. Copier cannot collaterally challenge awards made in the November 9, 2009 Order and Judgment and incorporated in the September 10, 2010 Minute Entry and Order because those awards were affirmed in his last appeal. See id. Copier did not oppose Ninow's Second Motion for Determining Amount of Judgment in the district court.[1] Therefore, he failed to preserve any issue for appeal concerning the additional attorney fee award representing fees incurred in collection. To avoid his failure to preserve the issues he seeks to raise, Copier characterizes this appeal as challenging the district court's personal jurisdiction over him on May 25, 2011, and the court's subject matter jurisdiction on the same date, arguing that the probate case had been fully concluded as to all claims and all parties on September 10, 2010. The claim is without merit.
¶ 4 The November 9, 2009 Order and Judgment by its terms entitled Ninow to collect "$18,826.50, plus post judgment interest at the legal rate of 2.40%, plus costs and attorney fees incurred in the collection of this judgment." Ninow moved the district court to award her additional attorney fees "directly related to the efforts to enforce the Judgment and to collect the amounts owed by Respondent to Petitioner thereunder." The motion and memorandum were accompanied by the affidavit of Ninow's counsel detailing the attorney fees "reasonably incurred subsequent to November 9, 2009 to and including February 28, 2011 in connection with the ... efforts to collect the amounts that were and remain owing under the Judgment." Copier did not oppose the motion. Accordingly, the May 25, 2011 Order and Judgment incorporated the previous attorney fee awards, which had been affirmed on appeal, and made an additional award in the amount of $28,750.00, representing "reasonable attorney fees incurred by Petitioner in collecting the amounts owed by Respondent under and in connection with the court's Order and Judgment dated November 9, 2009."
¶ 5 Copier's challenge to the May 25, 2011 Order and Judgment is barred insofar as he seeks to collaterally challenge the November 9, 2009 Order and Judgment or the September 10, 2010 Minute Entry and Order, which were affirmed in his previous appeal. See id. Because the November 9, 2009 Order and Judgment specifically provided that the district court could augment the attorney fee award with additional attorney fees incurred in collection of the judgment, the district court retained jurisdiction to do so. By failing to oppose Ninow's motion in the district court, Copier failed to preserve any challenge to the district court's factual determinations that the fees were reasonable or that they were "incurred by Petitioner in collecting the amounts owed by Respondent under and in connection with the Court's Order and Judgment, dated November 9, 2009." See Chang v. Soldier Summit Dev., 2003 UT App 415, ¶ 23, 82 P.3d 203 ("Calculation of reasonable attorney fees is in the sound discretion of the trial court, and will not be overturned in the absence of a showing of a clear abuse of discretion.").
¶ 6 Affirmed.
NOTES
[1] Copier contends that he was prevented from responding by a September 10, 2010 order enjoining him from filing anything further in the case "without leave of court." The record reflects that Copier did not seek leave of court to respond, although he had done so on several occasions in the past.